1  STEVEN A. GROODE, Bar No. 210500
   sgroode@littler.com
2  HAVEN L. CLAYTOR, Bar No. 279058
   hclaytor@littler.com
3  LITTLER MENDELSON, P.C.
   2049 Century Park East
4  5th Floor
   Los Angeles, CA 90067.3107
5  Telephone: 310.553.0308
   Facsimile: 310.553.5583
6
7  Attorneys for Defendants
   MASTEC NETWORK SOLUTIONS, INC. AND
   WESTOWER COMMUNICATIONS, LLC
8  (FORMERLY KNOWN AS "WESTOWER
   COMMUNICATIONS, INC.")
9

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER BARRAGAN, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MASTEC NETWORK SOLUTIONS, INC., a Florida corporation; WESTOWER COMMUNICATION, INC., a Delaware corporation, and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 8:16-cv-0433<br><br>**DEFENDANTS' NOTICE TO FEDERAL COURT OF REMOVAL**<br><br>**[28 U.S.C. §§ 1332(a)(1), 1441, 1446]**<br><br>Complaint filed in Orange County Superior Court: February 3, 2016 |

DEFENDANTS' TO FEDERAL
COURT OF REMOVAL

**TO THE CLERK OF THE ABOVE-ENTITLED COURT, PLAINTIFF CHRISTOPHER BARRAGAN AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants MasTec Network Solutions, Inc. ("MasTec") and Westower Communications, LLC (formerly known as "Westower Communications, Inc." ("Westower") (collectively "Defendants") hereby remove the above-entitled action, Case No. 30-2016-00833666-CU-WT-CJC from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1441 and 1446.

This Notice of Removal is based upon the original jurisdiction of the United States District Court over the parties under 28 U.S.C. § 1332 based upon complete diversity of citizenship.

Defendants make the following allegations in support of their Notice of Removal:[1]

# I.
# JURISDICTION AND VENUE ARE PROPER

1. This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. section 1332(a), and is one which may be removed to this Court by Defendants pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below. 28 U.S.C. §§ 1332, 1441(a), and 1146(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. sections 84(c)(2), 1391 and 1446.

---

[1] "To remove a case from a state court to a federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547 (2014), *quoting* 28 U. S. C. §1446(a). "A statement 'short and plain' need not contain evidentiary submissions. *See Dart* at 547.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:138877334.3 076756.1006

1.

## II.
## GENERAL INFORMATION

3. This lawsuit arises out of Plaintiff Christopher Barragan's ("Plaintiff") employment with Defendants.

4. On February 3, 2016, Plaintiff filed a Complaint in the Superior Court of the State of California, County of Orange, entitled *CHRISTOPHER BARRAGAN, an individual v. MASTEC NETWORK SOLUTIONS, INC.*, *a Florida corporation; WESTOWER COMMUNICATIONS, INC.*, a Delaware corporation; and *DOES 1 through 50*, inclusive, *Defendants,* designated as Case No. 30-2016-00833666-CU-WT-CJC (the "Complaint"). The Complaint asserts the following purported causes of action: (1) Wrongful Termination in Violation of Public Policy; (2) Discrimination Based Upon Disability [Gov't Code § 12940 *et seq.*]; (3) Failure to Accommodate [Gov't Code § 1294(k) and (m)]; (4) Failure to Engage in the Interactive Process [Gov't Code § 12926.1(e)]; (5) Retaliation [Gov't Code § 12940 *et seq.*]; (6) Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation [Gov't Code § 12940 *et seq.*]; (7) Intentional Infliction of Emotional Distress; (8) Violation of Wage and Hour Laws – Unpaid Overtime Wages [Labor Code § 510, 1194]; (9) Violation of Wage and Hour Laws – Waiting Time Penalties [Labor Code § 202, 203]; (10) Failure to Provide Accurate Wage Statements [Labor Code §226]; and (11) Unfair Competition in Violation of Business and Professions Code § 17200, *et seq.* *See* Declaration of Steven A. Groode in Support of Defendants' Notice to Federal Court of Removal ("Groode Decl.") ¶ 2, Exh. A.

5. On February 10, 2016, Plaintiff served the Complaint with its attachments on Defendants through their agent for service of process, Corporation Service Company. (*Id.*) At the same time, Plaintiff delivered the Summons and County of Orange Alternative Dispute Resolution Information Package. (*Id.*)

6. On March 3, 2016, Defendants filed their Answer to the Complaint in the Superior Court of California. (*Id.,* ¶ 3; Exh. B.)

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:138877334.3 076756.1006

2.

7. To the best of Defendants' knowledge, no further documents from the state court action have been filed by Plaintiff. Nor have any other documents been filed in the state court action by Defendants. The attachments thereby satisfy the requirements of 28 U.S.C. section 1446(a).

8. This Notice of Removal is filed within 30 days after the initial receipt by Defendants of a copy of Plaintiff's Complaint in accordance with 28 U.S.C. section 1446(b) and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure.

9. Copies of this Notice of Removal, as well as the Notice of Filing of Notice of Removal, have been served upon Plaintiff's counsel and are being filed with the Clerk of the Superior Court of California, County of Orange.

10. The Complaint also names as defendants "DOES 1 through 50." Defendants are informed and believe, and on that basis allege, that none of the fictitiously-named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal. *See Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980); 28 U.S.C. section 1441(a).

## III.
## DIVERSITY OF CITIZENSHIP EXISTS

11. The Court has jurisdiction over this action because complete diversity of citizenship between citizens of different states exists and the matter in controversy exceeds the sum of $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a).

12. For purposes of removal, the citizenship of Doe Defendants are disregarded and only named defendants are considered. 28 U.S.C. § 1441(a); *see Newcombe v. Adolf Coors Co.*, 157 F. 3d 686 (9th Cir. 1998).

### A. Citizenship of Plaintiff.

13. Citizenship of a natural person is established by domicile. 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or he is domiciled). A person's domicile is established by physical presence and an intent to remain

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:138877334.3 076756.1006

3.

indefinitely. *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986); *State Farm Mutual Auto Insurance Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship). Moreover, "[o]nce an individual has established his state of citizenship, he remains a citizen of that state until he legally acquires a new state of citizenship." *Altimore v. Mount Mercy College*, 420 F.3d 763, 769 (8th Cir. 2005). A person's old domicile also is not lost until a new one is acquired. *Barber v. Varleta*, 199 F.2d 419, 423 (9th Cir. 1952).

14. Plaintiff is a resident of Los Angeles County, California and is a citizen of the State of California. (Compl., ¶22, attached as Exh. A to Groode Decl.)

### B. Neither Defendant Is A Citizen of California.

15. For diversity purposes, a corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The United States Supreme Court has confirmed that to determine a corporation's principal place of business, a court must apply the "nerve center" test. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). In relevant part, the Court explained, as follows:

> We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters -- provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion).

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:138877334.3 076756.1006

4.

*Id.*, at 1041-42.

16. The "nerve center" test of a corporation's principal place of business looks to the place in which the corporation's executives and administrative functions are located. *Scot Typewriter Co. v. Underwood Corp.*, 170 F. Supp. 862 (S.D.N.Y. 1959) (corporation's principal place of business was New York, where its management was located, rather than Connecticut where most of its manufacturing was done); *see also Diaz-Rodriguez v. Pep Boys Corp.*, 410 F. 3d 56, 60 (1st Cir. 2005) (nerve center test governs where corporation has "complex" and "far flung" activities).

17. Plaintiff has correctly pled that Defendant MasTec is incorporated in the State of Florida. Moreover, its principal place of business and headquarters are in Florida, because its executive, operational and administrative offices and functions are located in Florida. *See Breitman v. May Co.*, 37 F.3d 562, 564 (9th Cir. 1994) (corporation is citizen of state in which its corporate headquarters are located and where its executive and administrative functions are performed). Accordingly, Mastec's citizenship is in Florida..

18. Plaintiff has pled that "Westower Communications, Inc." is incorporated in the State of Delaware. Westower Communications, Inc. has merged into Westower, a limited liability company. The Ninth Circuit looks to the citizenship of each of the limited liability company's members for purposes of citizenship. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

19. Westower's sole member is MasTec Network Solutions, LLC, a Florida limited liability company, whose sole member is Mastec, Inc. Mastec, Inc. is incorporated in the State of Florida. Moreover, its principal place of business and headquarters are in Florida, because its executive, operational and administrative offices and functions are located in Florida. *See Breitman at* 564. Accordingly, Westower's citizenship is in Florida.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:138877334.3 076756.1006

5.

### C. Complete Diversity Exists As No Other Parties Have Been Identified.

20. There are no other identified defendants. Defendants Does 1 through 50 are wholly fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. Thus, pursuant to Section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-91 (9th Cir. 1998).

21. Accordingly, because Plaintiff is a citizen of California and Defendants are not, complete diversity of citizenship exists in this case.

### IV.
### THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

22. Based on the Prayer for Relief in Plaintiff's Complaint, the amount in controversy is well in excess of $75,000, exclusive of interest and costs. Although Defendants deny liability for the relief sought in Plaintiff's Complaint, for purposes of determining whether the minimum amount in controversy has been satisfied, the Court must presume that Plaintiff will prevail on each and every one of his claims and that he will be entitled to recover the damages he seeks. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F.Supp.2d 982, 986 (S.D. Cal. 2005); *see also Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint).

23. Here, Plaintiff seeks the following specified monetary damages:

- "[A]n amount **in excess of $50,000**" for "losses arising from mental and emotional distress and other special and general damages." (Groode

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:138877334.3 076756.1006

6.

Decl., Exh. A, Prayer for Relief as to the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action, ¶ 1) (emphasis added).

- "[A]n amount **in excess of $50,000**" for "medical and related expenses." (*Id.*, Exh. A, Prayer for Relief as to the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action, ¶ 3) (emphasis added).

- "[A]n amount **in excess of $50,000**" for "lost earnings and related expenses." (*Id.*, Exh. A, Prayer for Relief as to the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action, ¶ 4) (emphasis added).

24. Thus, per Plaintiff's Complaint, the amount in controversy on just Plaintiff's First through Seventh Causes of Action is **over $150,000**, *i.e.*, more than double the jurisdictional minimum to satisfy the requirements for diversity jurisdiction.

25. In addition, Plaintiff has asserted claims for as-yet un-quantified overtime wages dating back to 2012, and statutory penalties for wage and hour violations, including "waiting time penalties", and penalties for Westower's purported failure to provide accurate wage statements, in the amount of $4,000. (*Id.*, Exh. A, ¶¶ 119, 121, 135; Prayer for Relief as to the Eighth, Ninth, Tenth and Eleventh Causes of Action, ¶¶ 1-3.)

### A. Punitive Damages.

26. Plaintiff also seeks punitive damages. (*Id.*, Exh. A, Prayer for Relief as to the First, Second, Third, Fourth, Fifth, Sixth and Seventh Causes of Action, ¶ 2.) Punitive damages are included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F. 2d 785, 787 (9th Cir. 1963); *see also Richmond v. Allstate Ins. Co.*, 897 F. Supp. 447, 450 (S.D. Cal. 2003).

27. The potential punitive damages award alone against Defendants might alone satisfy the amount in controversy. California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:138877334.3 076756.1006

7.

1   is based on the reprehensibility of a defendant's misdeeds, the ratio between
2   compensatory and punitive damages, and ratio between damages and a defendant's net
3   worth. *See Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). Indeed,
4   some courts have recognized that an award for punitive damages can be significant,
5   and that in some cases, a punitive award itself could establish the amount in
6   controversy. *See e.g., Aucina v. Amoco Oil Co.*, 871 F. Supp. 332, 334 (S.D. Iowa
7   1994) (concluding in a discrimination and wrongful termination case that the purpose
8   of punitive damages is to capture the defendant's attention and to deter others from
9   similar conduct and, thus, the plaintiff's claim for punitive damages could alone
10  exceed the jurisdictional minimum).

11         28.    In *State Farm vs. Campbell*, 538 U.S. 408, 425, 123 S.Ct. 1513, 1524
12  (2003), the Supreme Court ruled that a single-digit ratio (*i.e.*, up to nine-to-one) was
13  appropriate when issuing an award of punitive damages. For example, in *Aucina,*
14  *supra*, the District Court held that for purposes of diversity jurisdiction, an employer
15  showed by a preponderance of the evidence that the amount in controversy exceeded
16  $50,000 [the jurisdictional amount at the time] in an employment discrimination and
17  wrongful discharge action in which the plaintiff sought compensatory and punitive
18  damages, attorneys' fees, costs, and interest. In reaching its holding, the Court
19  reasoned that the employer was a Fortune 500 company and, because the purpose of
20  punitive damages was to capture the employer's attention and deter others from
21  similar conduct, it was apparent that the plaintiff's claim for punitive damages alone
22  might exceed $50,000 and additionally, the plaintiff also claimed damages for lost
23  wages, lost benefits, and mental anguish. Thus, if the Court were to assume that
24  Plaintiff will prevail on his claim for punitive damages, as the Court must at this stage,
25  the amount in controversy would be significantly increased.

26         **B.    <u>Attorneys' Fees.</u>**
27         29.    Plaintiff also seeks attorneys' fees. (Groode Decl., Exh. A, Prayer for
28  Relief.) Attorneys' fees should be included in calculating the amount in controversy.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:138877334.3 076756.1006

8.

1    *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (prayer for attorneys' fees included in determining the amount in controversy where potentially recoverable by statute); *see Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) (court may estimate the amount of reasonable attorneys' fees likely to be recovered by a plaintiff if he were to prevail in determining whether amount in controversy exceeds $75,000).

30.    At an assumed rate of $300 per hour, Plaintiff's counsel would need to spend only 250 hours of attorney time (a conservative estimate of time spent through trial) to incur $75,000 in reasonable attorney's fees (250 x $300 = $75,000). Moreover, attorneys' fees awards in employment matters often exceed $75,000. *See, Flannery v. Prentice*, 26 Cal.4th 572 (2001) (California Supreme Court upheld an award of attorneys' fees under Fair Employment and Housing Act ("FEHA") for $891,042); *see also Rivera v. Costco Wholesale Corp.*, 2008 U.S. Dist. LEXIS 58610, *12-13 (N.D. Cal. 2008) (on denying motion for remand, the court stated that employment discrimination claims require a great deal of preparation and effort to maintain and at Plaintiff's attorneys' claimed rate of $400 an hour, fees will likely become substantial) *citing to Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002) (noting that in the Court's twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages and found the jurisdictional maximum was satisfied); *Akers v. County of San Diego*, 95 Cal. App. 4th 1441 (lower court awarded $249,349 in attorneys' fees in wrongful termination in violation of public policy and discrimination case); *Hackmon v. City of Los Angeles*, 2001 WL 1860540) (Cal. Superior ($114,484 awarded in discrimination case brought under the FEHA); *Kohn v. County of Los Angeles*, 2001 WL 1720226 (awarding $161,700 in attorneys' fees in FEHA discrimination case) (Cal. Superior); *Heiserman v. Lemon Grove Sch. Dist.*, 1998 WL 1547897 (Unknown State Ct.) ($96,000 in fees awarded in failure to accommodate case). Thus, an attorneys' fees award in this case could easily reach or exceed $75,000 alone.

9.

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

Firmwide:138877334.3 076756.1006

31. After compiling damages for alleged lost wages, emotional distress, punitive damages, and an award for Plaintiff's attorneys' fees, it is more likely than not that Plaintiff would recover in excess of $75,000. This does not even consider the other relief Plaintiff seeks pursuant to his eighth through tenth causes of action under the Labor Code and related eleventh cause of action for alleged unfair business practices. Accordingly, Defendants have carried their burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum.

## V.
## NOTICE TO PLAINTIFF AND STATE COURT

32. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff, and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court for the State of California for the County of Orange.

## VI.
## CONCLUSION

33. Accordingly, Defendants properly remove this lawsuit to this Court by pursuant to the provisions of 28 U.S.C. sections 1441 and 1446, because this Court has jurisdiction over this matter pursuant to 28 U.S.C. section 1332.

Dated: March 4, 2016                    Respectfully submitted,

                                        LITTLER MENDELSON, P.C.


                                        /s/ Steven A. Groode
                                        STEVEN A. GROODE
                                        HAVEN L. CLAYTOR
                                        Attorneys for Defendants
                                        MASTEC NETWORK SOLUTIONS,
                                        INC. AND WESTOWER
                                        COMMUNICATIONS, LLC
                                        (FORMERLY KNOWN AS "WESTOWER
                                        COMMUNICATIONS, INC.")

LITTLER MENDELSON, P.C.
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

Firmwide:138877334.3 076756.1006

10.